UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| **PROGRESSIVE PROPERTIES UNITED, LLC** | )<br>)<br>) |
| *Plaintiff,* | )<br>)<br>) |
| v. | ) CAUSE NO. 4:24-cv-4148<br>)<br>) |
| **UNITED STATES LIABILITY INSURANCE COMPANY** | )<br>)<br>)<br>) |
| *Defendant.* | |

### COMPLAINT FOR DAMAGES AND JURY DEMAND

The Plaintiff, Progressive Properties United, LLC ("Plaintiff"), by counsel, files this Second Amended Complaint for damages against Defendant, United States Liability Insurance Company, ("Defendant"), and states as follows:

### Parties

1. At all times relevant herein, Plaintiff was a limited liability company with ownership of certain commercial property located at 435 South Broadway St., Little York, Illinois 61453. Its members, Donna Wade and Craig Osborn, are citizens of Illinois.

2. At all times relevant herein, Defendant is and has been a Nebraska insurance carrier licensed to conduct business in the State of Illinois. At all times relevant herein, Defendant acted through its employees, agents and representatives.

### Jurisdiction and Venue

3. The Court has jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000. Specifically, Plaintiff is an Illinois corporation with its principal place of business in Illinois while Defendant is a Nebraska corporation with its principal place of business in Pennsylvania.

4. The Central District, Rock Island Division is the appropriate venue because the subject property is located in Warren County, Illinois.

## The Policy

5. On or about June 2022, Defendant issued a policy of insurance to Plaintiff, with coverages for, among other benefits, property and liability coverage. This lawsuit relates to policy number CP 1758522A, with effective dates of June 3, 2022 through June 3, 2023 (the "Policy"). [A copy of the Policy is attached as Exhibit 1 and incorporated by reference herein.]

6. The Policy remained in force throughout the duration of the subject term.

7. Plaintiff paid all premiums that came due during the subject term of the Policy, as well as all prior and subsequent terms.

## The Loss

8. On or about May 7, 2023, the insured property sustained damage as a result of a sudden weather-related physical loss (the "Loss") which was covered by the Policy.

9. Following the above-described loss, Plaintiff timely filed a claim for property insurance coverage under the Policy on or about June 6, 2023. Defendant subsequently assigned it claim number 0-27004 (the "Claim").

10. On or before June 14, 2023, Defendant retained the services of McLarens, LLC which prepared a report detailing damage to the property, but concluded that none of the damage is covered under the Policy.

11. On or about July 6, 2023, Plaintiff retained Semper Fi Public Adjuster Midwest, LLC ("Semper Fi") to assist with the denied claim.

12. On or about July 9, 2023, Semper Fi requesting copies of Defendant's underwriting file, all communications issued to the insured, Defendant's Proof of Loss form, Defendant's initial recorded inspection, any reports which the Defendant is relying on when

making a claim determination, Defendant's standard operating procedure with respect to claim processing, any and all photos taking during prior inspections, a certified copy of the Policy, and any documentation related to previous claims within the last three (3) years filed by the insured..

13. On or about August 3, 2023, Semper Fi inspected the property and found covered damage to the interior and exterior of same. The Replacement Cost Value of that damage was estimated to total $954.005.94.

14. On or about September 22, 2023, Semper Fi sent a copy of its Proper Scope of Work, as well as a Sworn Statement Proof of Loss to Defendant. That same day, Defendant notified Semper Fi that it was "formally rejecting the proof of loss submitted" and that the "investigation of this matter will continue".

15. On or about September 27, 2023, Semper Fi was advised that Defendant would like to schedule a re-inspection of the property.

16. On or about December 12, 2023, Defendant sent an engineer from Donan Engineering by the name of Jacob Ohlert to the property to reinspect the damage.

17. On or about December 14, 2023, Mr. Ohlert issued a report in which he noted, among other things, loose siding, missing siding, hail spatter marks, punctured siding, damaged brick, and ponding on the roof. He also noted that wind speeds as high as 81 mph were present in the area around the time of the loss, as was hail of 9.75 inches in size. However, he ultimately concluded that none of the damage he noted was covered under the Policy.

18. Plaintiff complied with all conditions precedent to coverage and to bringing this action and/or Defendant has waived or is otherwise estopped from asserting the same.

## COUNT I- BREACH OF CONTRACT

19. Plaintiff hereby reasserts and realleges Paragraphs 1 through 18 as the allegations

3

contained in this Paragraph 20, as though fully set forth herein.

20. The subject policy is a valid contract ("Contract") between Plaintiff and Defendant.

21. In addition to the provisions in the subject policy, amendments and endorsements, the contract further includes additional provisions required by law, as well as an obligation by Defendant to exercise a covenant of good faith and fair dealing towards Plaintiff.

22. Plaintiff sustained a covered loss under the Contract as a result of a wind and hail on May 7, 2023.

23. Defendant has breached its contract with Plaintiff in one or more of the following ways:

   a) Failing and refusing to pay for the replacement cost and/or actual cash value for Plaintiff's damaged property;

   b) Failing and refusing to pay for the mitigation costs required under the Policy;

   c) Failing and refusing to pay Plaintiff and/or its contractors in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiff and/or their contractors regarding the claim;

   d) Misrepresenting Defendant's policies regarding coverages, benefits and payment of coverages;

   e) Misrepresenting facts and circumstances relating to the Claim;

   f) Failing and refusing to pay the cost to replace Plaintiff's damaged property, without legal excuse or justification;

   g) Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

   h) Failing, refusing or unnecessarily delaying proper inspection of the subject property and/or investigating the loss; and

   i) Failing to exercise good faith and fair dealing in its handling of Plaintiff's claim.

4

24. As a direct and proximate result of Defendant's breach of contract with Plaintiff, Plaintiff have suffered contractual and consequential damages, including but not limited to

    a) The loss and damage to their property without indemnification provided for in the Policy;

    b) The loss of use of their property and other insurance benefits;

    c) The increased cost to repair and/or replace their property that was insured; and

    d) Other consequential damages.

WHEREFORE, Plaintiff, by counsel, respectfully requests judgment in its favor and against Defendant, and further requests the following relief:

    a) Award Plaintiff payment of all proceeds available and due under the subject policy;

    b) Award Plaintiff all reasonable compensatory and consequential damages;

    c) Award Plaintiff recoverable prejudgment interest, and costs; and

    d) Award Plaintiff all other just and proper relief.

**COUNT II – VIOLATION OF SECTION 155 OF THE INSURANCE CODE**

25. Plaintiff hereby reasserts and reallege Paragraphs 1 through 24 as though fully set forth herein.

26. After Plaintiff discovered the Loss, Plaintiff duly notified Defendant of the Loss, the circumstances leading up to the Loss, and the scope of the damages that had occurred as a result of the storm which occurred on or about May 7, 2023.

27. Thereafter, Plaintiff, its designated agent and representative, Semper Fi, had a litany of communications with agents or other representatives of Defendant regarding the Loss and Claim.

28. Defendant, through its agents and representatives, inspected the damaged property on multiple occasions.

29. Plaintiff's designated representative, Semper Fi, also inspected and scoped the property and has made demands to Defendant for the payment of the sums that they have and/or will have to expend to repair and replace the damaged structure(s). In so doing, Plaintiff and/or their designated representative has provided Defendant with photos, estimates and other documentation to support its Loss and Claim, and have further personally shown and demonstrated such Loss to Defendant during inspections.

30. On or about September 22, 2023, Plaintiff, through its designated representative, submitted to Defendant a detailed estimate.

31. Defendant continues to deny that coverage existed for the Loss, and further denied payment for the Loss that had been incurred.

32. By failing to determine the facts and circumstances that led up to the Loss, and to the nature and extent of damage that occurred thereafter, Defendant refused or failed to take some or all of the following actions:

    a. To interview witnesses who had relevant information about when the Loss occurred;

    b. To interview witnesses who had relevant information about how the Loss occurred;

    c. To interview witnesses who had relevant information about the cause of the Loss; and

    d. To correctly and fairly determine the nature of the damaged property.

33. At all relevant times herein, there was in effect in the State of Illinois the following statute:

    (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay

in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount-not to exceed anyone of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action. 215 ILCS 5/155.3.

34. Defendant also acted both vexatiously and unreasonably toward Plaintiff and/or their designated representative, without reasonable cause, by intentionally delaying and prolonging its investigation into the facts and circumstances, and by misrepresenting same, thereby depriving Plaintiff of the use of its property.

### **Jury Demand**

Plaintiff demands trial by jury.

Respectfully submitted,

*/s/ William Pratt*
William Pratt
Shaun Hodge
Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
(409) 762-5000 – Phone
wpratt@hodgefirm.com
shodge@hodgefirm.com